**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**EASTERN DIVISION**

**DWIGHT A. HOWARD, #82541**                                    **PLAINTIFF**

**VS.**                                    **CIVIL ACTION NO. 4:05CV97LN**

**SANDRA ATWOOD, NURSE KELLEY**
**and NURSE LEWIS**                                    **DEFENDANTS**

---

## OMNIBUS ORDER

The parties appeared and participated in an omnibus hearing before the undersigned United States Magistrate Judge on the 23rd day of January, 2006, at the James O. Eastland Federal Courthouse in Jackson, Mississippi.  The Plaintiff appeared *pro se*, and the Defendants were represented by attorney William Hammack.  The court scheduled this hearing for the combined purposes of conducting a *Spears*[1] hearing, a scheduling/case management hearing, a discovery conference, and a pretrial conference.  The court conducted this hearing in an attempt to insure the just, speedy and inexpensive determination of this *pro se* prisoner litigation.  After due consideration of the issues involved in this case and the requests for discovery, the court does hereby find and order as follows:

    1. JURISDICTION AND SUMMARY OF CLAIMS

Jurisdiction of this case is based upon 42 U.S.C. § 1983.  The Plaintiff, Dwight Howard, contends that he was prescribed cough syrup and sore throat tablets for a cold, and the medical staff ran out.  He did not receive either for a couple of days, but he was charged for it.  He seeks damages in the sum of $6.00, to be restored to his prison account.  Howard agreed at the hearing that he would

---

[1] *See,* Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985).

dismiss his Complaint if that money were returned to him, and counsel for the Defendants agreed to address the matter of settlement with his clients.

## 2. DISCOVERY ISSUES and PENDING MOTIONS

Because there is a possibility of settlement of this matter, no discovery will be ordered at this time.  However, if the parties are unable to agree on settlement terms, the Defendants shall provide the Plaintiff a complete copy of his medical records, as well as his inmate account, on or before March 31, 2006.  The parties stipulate as to the authenticity of the Plaintiff's medical records and agree that no physician testimony shall be necessary at the trial.  The records shall be admitted as a general exhibit.  There are no other discovery matters pending, except for those set forth herein.  The discovery matters set forth herein will fairly and adequately develop the issues to be presented to the court, and no other discovery is deemed reasonable or appropriate considering the issues at stake in this litigation.  *See* Federal Rules of Civil Procedure 26(b)(1).

## 3. TRIAL WITNESSES

The only witnesses requested by the Plaintiff are the Defendants in this case, who would be attending in any event.  The court advises the Plaintiff that he may call any free world witnesses, but that it will be his responsibility to secure any free world witnesses' voluntary presence at the trial of this cause, or at least 10 days prior to trial, he may submit to the clerk's office the $40.00 witness fee for each witness along with the complete address of where the witness can be found, so that the United States Marshals Service can subpoena said witness for the Plaintiff.

## 4. PRETRIAL CONFERENCE, PRETRIAL ORDER, AND TRIAL SETTING

This conference shall stand in lieu of a pretrial conference, and this order shall stand in lieu

of a pretrial order.

IT IS HEREBY ORDERED that the Defendants shall report to the court by February 17, 2006, as to whether a settlement has been reached between the parties.

IT IS SO ORDERED, this the 31st day of January, 2006.


_____S/Alfred G. Nicols, Jr._____
UNITED STATES MAGISTRATE JUDGE